**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EILEEN M. ABAT, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>    Defendant. | Case No. 1:19-cv-00627 |

**CLASS ACTION COMPLAINT**

NOW COMES Plaintiff, EILEEN M. ABAT, individually, and on behalf of all others similarly situated, through her undersigned counsel, and pursuant to Fed. R. Civ. P. 23, complaining of Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, as follows:

**NATURE OF THE ACTION**

1. This action seeks damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. EILEEN M. ABAT ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5. NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Defendant") is a national mortgage servicer that services hundreds of thousands of mortgage loans nationwide. Through the course of servicing mortgage loans, Defendant is in constant contact with consumers regarding the statuses of their mortgage loans.

6. Defendant is based in Greenville, South Carolina and has an additional office in Houston, Texas.

## FACTUAL ALLEGATIONS

8. On February 21, 2013, Plaintiff executed a mortgage ("Mortgage") in favor of Quicken Loans Inc.

1. The Mortgage secured the purchase of Plaintiff's personal residence located at 5443 South Indiana Avenue, Apartment 3, Chicago, Illinois 60615 ("subject property").

2. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $183,850.00 ("subject debt").

3. Subsequently, Ditech Financial LLC ("Ditech") acquired servicing rights to the subject debt.

4. On May 21, 2018, Plaintiff filed a Chapter 13 bankruptcy in the Bankruptcy Court for the Northern District of Illinois, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362.

5. 11 U.S.C. §362, commonly known as the automatic stay provision, prohibits, *inter alia*, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of a bankruptcy case. 11 U.S.C. §362(a)(6).

6. On August 3, 2018, Plaintiff filed a Modified Chapter 13 Plan ("Chapter 13 Plan").

7. Plaintiff's Chapter 13 Plan proposed to surrender the subject property to Ditech.

8. Accordingly, Plaintiff's Chapter 13 Plan did not provide for any ongoing payments to Ditech.

9. Ditech did not object to Plaintiff's Chapter 13 Plan.

10. On August 27, 2018, Plaintiff's Chapter 13 Plan was confirmed by the Bankruptcy Court ("Confirmed Plan").

11. On December 17, 2018, Defendant acquired servicing rights to the subject debt.

12. At the time Defendant acquired servicing rights to the subject debt, the subject debt was in default.

13. On December 24, 2018, Defendant sent Plaintiff a correspondence attempting to collect on the subject debt ("first collection letter"). *See* attached Exhibit A, a true and correct copy of the first collection letter.

14. The first collection letter (1) advised Plaintiff that her first payment of $1,070.84 is due on August 1, 2017[1]; (2) included a payment coupon that contained the address where payments should be sent to; (3) stated "use the attached coupon to mail us a check for your first payment"; and (4) provided different payment options (automatic withdrawal, online payments, pay by phone). *Id.*

15. On December 27, 2018, Defendant sent Plaintiff another correspondence attempting to collect on the subject debt ("second collection letter"). *See* attached Exhibit B, a true and correct copy of the second collection letter.

---

[1] Upon information and belief, in light of the fact that the subject debt was in default, the first collection letter sought retroactive payment for the payment that was due in August 2017 per the terms of the underlying Mortgage.

16. The second collection letter stated (1) "As of the date of this notice, the total amount of your debt is $183,988.59" (with itemization, including late fees, etc); (2) "Interest and other charges will continue to accrue on you debt…."; and (3) "You can call us to find out the amount required to bring your debt current." *Id.*

17. The first collection letter and second collection letter (collectively, "collection letters") were sent by Defendant while the bankruptcy automatic stay was in effect pursuant to 11 U.S.C. §362.

### DAMAGES

18. Plaintiff suffered from emotional distress as a result of Defendant's unlawful attempts to collect the subject debt as Plaintiff was led to believe her bankruptcy had no legal effect and that payments on the subject debt were due immediately despite her bankruptcy filing.

### INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21. The collection letters are each a "communication" as defined by 15 U.S.C. § 1692(a)(2) as they convey information regarding the subject debt directly to Plaintiff.

22. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) as it was incurred for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts allegedly owed to a third party, and (2) it acquired the subject debt when it was in default.

24. By sending the collection letters to Plaintiff, Defendant unlawfully attempted to collect the subject debt from Plaintiff because any collection activity on the subject debt directed at Plaintiff personally was prohibited by the automatic stay. [2]

25. Specifically, as stated above, the automatic stay prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy case. 11 U.S.C. §362(a)(6).

    a. **Violations of FDCPA §1692e**

26. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004).

27. Defendant violated §1692e by making false representations in its attempts to collect the subject debt from Plaintiff personally because no payments were due on the subject debt at the times Defendant made payment demands on the subject debt by virtue of the automatic stay and Plaintiff's Confirmed Plan.

28. Defendant violated §1692e(2) by misrepresenting the character, amount, or legal status of the subject debt because no payments were due on the subject debt at the times Defendant

---

[2] Ditech was granted relief from the automatic stay in Plaintiff's bankruptcy case. However, the relief was limited to *in rem* relief and did not permit Ditech or its successors to attempt to collect the subject debt from Plaintiff personally.

5

made payment demands to Plaintiff personally by virtue of the automatic stay and Plaintiff's Confirmed Plan.

29. Defendant violated §1692e(10) by falsely representing that the subject debt was collectible at the time of the demands for payment because the subject debt was not collectible against Plaintiff personally by virtue of the automatic stay and Plaintiff's Confirmed Plan.

### a. **Violations of §1692f**

30. Defendant violated §1692f and f(1) by attempting to collect an amount not permitted by law. Specifically, the automatic stay prohibited Defendant from attempting to collect on the subject debt from Plaintiff personally.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2), e(10), f, and f(1);
B. award any actual damage sustained by Plaintiff as a result of Defendant's violations pursuant to 15 U.S.C. § 1692k(a)(1);
C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and
E. award such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

**A. Numerosity.**

33. Upon information and belief, Defendant mailed correspondences containing identical language in the collection letters to consumers residing in the United States that had a pending bankruptcy proceeding on no less than 40 occasions.

34. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

**B.  Typicality.**

35. Plaintiff's claims are representative of the claims of other members of the Putative Class.

36. Defendant's business records will demonstrate that it mailed correspondences with identical language in the collection letters to consumers nationwide.

37. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

**C.  Commonality and Predominance.**

38. There are common questions of fact and law with the claims of Plaintiff and the Putative Class.

39. These common questions of fact and law are whether Defendant attempted to collect debts subject to the automatic stay.

40. These common questions of fact and law are subject to common proof through review of Defendant's business records.

41. These common questions of fact and law are answerable for the entirety of the Putative Class.

42. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**D.      Superiority and Manageability.**

43.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

44.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45.     By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

46.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation.**

47.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

49.     Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

**CLASS CLAIMS FOR RELIEF**

**Count II:**
**Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.***

50.     Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51.     By sending correspondences containing identical language in the collection letters sent to Plaintiff, Defendant violated 15 U.S.C. §§ 1692e(2), e(10), f, and f(1) by demanding

payment on the Putative Class members' mortgage loans from the consumers personally that were subject to an active bankruptcy proceeding. By doing so, Defendant made false representations regarding the mortgage loans and attempted to collect amounts not authorized by law. *See* Paragraphs 24-30 above.

52. As set forth above, Plaintiff can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

50. The Putative Class is defined as follows:

> All natural persons residing in the United States of America who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received correspondences containing identical language as the collection letters mailed to Plaintiff (c) for purposes of collection upon a consumer debt (d) during a pending Chapter 7 or Chapter 13 bankruptcy proceedings (e) in which the consumers were surrendering the underlying collateral.

53. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

54. Members of the Putative Class will be identified through discovery of Defendant's business records.

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. §§ 1692e(2), e(10), f, and f(1);

C. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

D. an award of costs of this action, together with reasonable attorneys' fees as determined by this Court;

E. enjoin Defendant from sending any further correspondences containing identical language as the collection letters sent to Plaintiff to consumers in an active bankruptcy proceeding; and

F. an award of such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 31, 2019					Respectfully Submitted,

/s/ *Mohammed O. Badwan*

/s/ *Joseph S. Davidson*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630)575-8180
Fax: (630)575- 8188
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com